UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

INTELLAPEX, PLLC,

              Plaintiff,

Case No. 1:05-CV-404

v.

Hon. Richard Alan Enslen

INTEL CORPORATION,

              Defendant.

**<u>ORDER</u>**

_____/

This matter is before the Court on Defendant Intel Corporation's Motion to Dismiss or Transfer the instant action. Plaintiff IntellApex, PLLC is a Michigan professional limited liability company. It has sued for a declaratory judgment to establish its right to use its "IntellApex" trademark and to establish that its use does not infringe Defendant Intel Corporation's "Intel" mark. (Compl. at 3.) Oral argument is unnecessary to resolve this Motion.

According to the record, Defendant learned in Mid-May 2005 from a previous trademark search notice that Plaintiff had applied on March 19, 2005 for the use of the trademark "IntellApex." (Jennifer Adams Draffen Decl., ¶¶ 5-6.) As part of the application, Plaintiff claimed its first use of the mark on February 22, 2005. (*Id.*) Plaintiff is in the business of offering patent-related legal services, *i.e.*, the prosecution of patent searches and applications. (Id., ¶ 7.) Defendant sent a demand letter to Plaintiff, advising Plaintiff of its rights and demanding that Plaintiff abandon the application and use of the "IntellApex" mark. (*Id.*, ¶ 8 & Ex. A.) Defendant's representative, Ms. Draffen, received a telephone call from a representative of Plaintiff, Zachary J. Bossenbroek, on June 9, 2005 in response to her letter. (*Id.*, ¶ 9. *See also* Zachary Bossenbroek Aff., Def.'s Ex. C.) During the conversation, the letter was

discussed, but the differences were not resolved.[1]  (Draffen Decl., ¶ 10.)  Plaintiff then filed the instant

suit the very next day.  Defendant did not file its infringement suit in the Northern District of California,

*Intel Corp. v. IntellApex, PLLC*, Case No. CV-05-02747, Def.'s Ex. D, until July 5, 2005.  (*Id.,* ¶ 12.)

The California suit included additional claims not considered as part of Plaintiff's declaratory

action–including a claim that Plaintiff violated a California statute concerning dilution of trademarks.

Plaintiff filed an Amended Complaint on July 25, 2005 asserting additional requests for declarations of

its rights, including a request for a declaration of rights under a federal law governing dilution of

trademarks.  (Amend. Compl. at 4-5.)          Defendant's request to dismiss or transfer this suit flies

in the face of the customary "first to file" rule, which is the law of the Sixth and Ninth Circuit Courts

of Appeal.  *See In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1088 (6th Cir. 1996); *In re Burley*, 738 F.2d

981, 988 (9th Cir. 1984); *see also Electronics for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347-48 (Fed.

Cir. 2005) (citing cases and stating that the "anticipatory nature" of the first suit is not a reason to depart

from the first-to-file rule.)   Defendant bases its argument on the notion that this Court should not

exercise jurisdiction over the declaratory action because the exercise of jurisdiction is contrary to the

Sixth Circuit's five- factor test for the exercise of declaratory jurisdiction.  *See Wilton v. Seven Falls Co.*,

515 U.S. 277, 282 (1995) (discussing the discretionary nature of declaratory actions); *AmSouth Bank v.*

*Dale*, 386 F.3d 763, 785 (6th Cir. 2004) (discussing five factors pertinent to the exercise of jurisdiction).

Defendant's argument that the first anticipatory suit should be disregarded flows from the

*AmSouth Bank* case, in which the Sixth Circuit found that the anticipatory declaratory action was filed

in "bad faith" and constituted "procedural fencing" for the purpose of securing an unnatural litigation

advantage.  The facts of the *AmSouth Bank* case do not trek with this one.  In the present case, there was

---

[1]The parties characterize the telephone conversation differently, but regardless of the characterizations, it is true that their conversation had ascertained that a legal dispute was alive and there was no express or implied agreement to further negotiate pending suit.

no exercise of "bad faith" by Plaintiff in the filing of this suit, nor "procedural fencing" as described in the *AmSouth Case*.  This suit was prompted by Defendant's letter and Defendant's refusal to accept counter-suggestions by Plaintiff.  Defendant's letter itself essentially promised suit if Plaintiff did not concede.  While a "race of the courthouse" is not always a desired outcome, the first-to-file rule, which is widely followed, generally favors the first suit.  In this case, the bulk of the disagreements lodged in Defendant's letter and its California suit will be answered by the resolution of this declaratory action, which is a valid and useful suit.  Further, Defendant is free to assert its additional California law claims as part of counter-claims in this suit.  It is unclear from the present record whether a California forum would be effective in resolving any pending claims, including the additional California claims, because there is an insufficient record as to whether *in personam* jurisdiction may be constitutionally exercised by a California court over Plaintiff.[2]  Overall, the Court finds that the factors pertinent to the exercise of declaratory jurisdiction dominate in favor of the exercise of jurisdiction by this Court.

**THEREFORE, IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss or Transfer (Dkt. No. 3) is **DENIED**.

DATED in Kalamazoo, MI:      /s/ Richard Alan Enslen
    August 26, 2005        RICHARD ALAN ENSLEN
                        UNITED STATES DISTRICT JUDGE

---

[2]Defendant argues to the contrary, but only in its reply (so as to prevent a fair response to the documents filed by Plaintiff in the reply).  While the present record is insufficient to resolve the jurisdictional issue, were the Court to decide the matter on speculation, as Defendant invites, then Defendant in the final analysis may be right that California may be able to exercise jurisdiction over Plaintiff.  However, if the Court is to decide matters on suspicions, then its own suspicion is that Defendant's additional claims (including its California claims) add little substance to the federal declaratory claims asserted by Plaintiff.  The Court also finds that its exercise of jurisdiction would not encroach upon California law nor cause friction with other jurisdictions.