UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INTELLAPEX, PLLC,

        Plaintiff,                           Hon. Ellen S. Carmody

v.                                                Case No. 1:05-CV-404

INTEL CORPORATION,

        Defendant,

INTEL CORPORATION,

        Counterclaimant,

v.

INTELLAPEX, PLLC,

        Counterdefendant,

and

BOMBAY SOLUTIONS GROUP, LLC

        Counterdefendant.
_____/

## **OPINION**

This matter is before the Court on Plaintiff IntellApex PLLC's Motion for Summary Judgment and IntellApex PLLC's and Third Party Defendant Bombay Solutions Group LLC's Motion to Dismiss Counterclaims of Defendant Intel Corporation. (Dkt. #40). For the reasons articulated herein, the Court **denies** the motion.

**BACKGROUND**

According to IntellApex, on or about February 24, 2005, it filed with the United States Patent and Trademark Office a trademark application for the mark "IntellApex." (Plaintiff's First Amended Complaint at ¶ 10). On June 3, 2005, Jennifer Draffen, a representative of Intel, mailed to Zachary Bossenbroek, Manager of IntellApex, a letter requesting that IntellApex "abandon [its] pending trademark application, and cease all use of the INTELLAPEX mark and domain name." (Plaintiff's First Amended Complaint, Exhibit A).

According to IntellApex, Bossenbroek received this letter on June 9, 2005, at which point he immediately telephoned Draffen. (Dkt. #40 at 10). The parties were unable to resolve the matter. *Id.* IntellApex filed the present declaratory judgment action the following day. (Dkt. #1). In its complaint, IntellApex sought a declaratory ruling that: (1) its use of the mark IntellApex does not infringe Defendant's mark Intel and (2) its use of the domain name intellapex.com in connection with its legal services does not infringe Defendant's mark Intel. *Id.*

On July 5, 2005, Intel filed, in the United States District Court for the Northern District of California, a complaint for damages and injunctive relief. (Dkt. #40, Exhibit B). In its complaint, Intel asserted the following claims: (1) trademark infringement in violation of 15 U.S.C. § 1114, (2) false designation of origin in violation of 15 U.S.C. § 1125(a), (3) trademark dilution in violation of 15 U.S.C. § 1125(c), (4) trademark infringement in violation of Cal. Bus. & Prof. Code § 14335, (5) trademark dilution in violation of Cal. Bus. & Prof. Code § 14330, (6) unfair competition in violation of Cal. Bus. & Prof. Code § 17200, and (7) common law passing off and unfair competition.

On July 25, 2005, IntellApex filed in this Court its First Amended Complaint. (Dkt. #10). In its amended complaint, IntellApex seeks a declaratory ruling that: (1) its use of the mark IntellApex

does not infringe Defendant's mark Intel, (2) its use of the domain name intellapex.com in connection with its legal services does not infringe Defendant's mark Intel, (3) its use of the mark IntellApex does not constitute false designation, and (4) its use of the mark IntellApex does not constitute trademark dilution.

On August 26, 2005, the Honorable Richard Alan Enslen denied Intel's motion to dismiss or transfer the present action. (Dkt. #22). On September 12, 2005, Intel filed its answer to IntellApex's first amended complaint and also asserted counterclaims against IntellApex and Third Party Defendant Bombay Solutions Group, LLC (an entity which is related to IntellApex). (Dkt. #29). The counter claims asserted by Intel in this matter are identical to the claims it asserted in the California action identified above.

### I.        Motion to Dismiss

IntellApex and Bombay Solutions seek to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), the counterclaims asserted against them by Intel.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed for failure to state a claim upon which relief may be granted where, even accepting as true Plaintiff's allegations and construing the complaint liberally in its favor, it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

In support of their motion to dismiss, IntellApex and Bombay assert that Intel's counterclaims must be dismissed because such claims will ultimately be determined to be without merit. This assertion, however, reflects a fundamental misunderstanding of the relevant standard. In the

context of a Rule 12(b)(6) motion to dismiss, the question is not whether the non-moving party *will* prevail, but rather whether the non-moving party has alleged facts which, if proven, *could* entitle it to relief. A review of Intel's counterclaims reveals that they satisfy this standard. Accordingly, the Court concludes that the present motion to dismiss must be **denied**.

In making this determination the Court is aware that there appears to be a choice of law issue presented by the fact that Intel has asserted in its countercomplaint claims arising under California law. IntellApex and Bombay assert that they "are not answerable to California state law counterclaims" because (a) they "have not purposefully availed themselves of California law for jurisdictional purposes" and (b) Michigan choice of law principles dictate that Michigan law applies in this matter. The Court offers no opinion on the merits of the parties' choice of law arguments. However, the Court's decision dismissing the present motion to dismiss in no way precludes IntellApex or Bombay from challenging Intel's state law claims on choice of law (or any other legitimate) grounds.

### II.      Motion for Summary Judgment

IntellApex moves for summary judgment as to the claims asserted in its first amended complaint. As noted above, IntellApex seeks declaratory judgment as to the following claims:

1. its use of the mark IntellApex does not infringe Defendant's mark Intel,

2. its use of the domain name intellapex.com in connection with its legal services does not infringe Defendant's mark Intel,

3. its use of the mark IntellApex does not constitute false designation, and

4. its use of the mark IntellApex does not constitute trademark dilution.

In reviewing a motion for summary judgment, the Court must confine itself to the narrow questions of whether there exist "no genuine issue[s] as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a Rule 56 motion, the Court cannot try issues of fact, but is empowered to determine only whether there exist issues in dispute to be decided in a trial on the merits. *See Perez v. Aetna Insurance Co.*, 96 F.3d 813, 819 (6th Cir. 1996); *Aiken v. The City of Memphis*, 37 F.3d 1155, 1161 (6th Cir. 1994). The crux of the motion is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *see also*, *Terry Barr Sales Agency v. All-Lock Co. Inc.*, 96 F.3d 813, 819 (6th Cir. 1996) (citing *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989)).

A motion for summary judgment requires the Court to view "inferences to be drawn from the underlying facts...in the light most favorable to the party opposing the motion." *Matsushita Electric Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)); *see also*, *Terry Barr Sales Agency*, 96 F.3d at 819; *Schaffer v. A.O. Smith Harvestore Products, Inc.*, 74 F.3d 722, 727 (6th Cir. 1996). The opponent, however, has the burden to show that a "rational trier of fact [could] find for the non-moving party [or] that there is a 'genuine issue for trial.'" *Historic Preservation Guild of Bay View v. Burnley*, 896 F.2d 985, 993 (6th Cir. 1989) (quoting *Matsushita Electric Ind. Co.*, 475 U.S. at 587); *see also*, *Schaffer*, 74 F.3d at 727.

As the Sixth Circuit has recognized, the United States Supreme Court has encouraged the granting of summary judgments, as such may be "an appropriate avenue for the 'just, speedy and inexpensive determination' of a matter." *Kutrom v. City of Center Line*, 979 F.2d 1171, 1173 (6th Cir. 1992). Consistent with this concern for judicial economy, "the mere existence of a scintilla of evidence

in support of the [non-moving party's] position will be insufficient." *Anderson*, 477 U.S. at 252; *see also Bailey v. Floyd Board of Education*, 106 F.3d 135, 140 (6th Cir. 1997). Furthermore, mere allegations do not suffice. *See Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989) ("the party with the burden of proof at trial is obligated to provide concrete evidence supporting its claims and establishing the existence of a genuine issue of fact").

For the reasons discussed below, the Court concludes that IntellApex is not entitled to summary judgment.

      A.      Trademark Infringement and False Designation Claims

IntellApex's trademark infringement claims are governed by 15 U.S.C. § 1114 which provides in pertinent part as follows:

> (1) Any person who shall, without the consent of the registrant--
>
>     (a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or
>
>     (b) reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely

>>to cause confusion, or to cause mistake, or to deceive,

>shall be liable in a civil action by the registrant for the remedies hereinafter provided.

IntellApex's false designation claim is governed by 15 U.S.C. § 1125 which provides in pertinent part as follows:

>(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--
>
>>(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>>
>>(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
>shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

With respect to IntellApex's trademark infringement claims, the central issue is whether its use of the disputed mark "is likely to cause confusion among consumers regarding the origin of the goods offered by the parties." *Interactive Products Corp. v. A2Z Mobile Office Solutions, Inc.*, 326 F.3d 687, 694 (6th Cir. 2003) (quoting *Daddy's Junky Music Stores, Inc. v. Big Daddy's Family Music*

*Center*, 109 F.3d 275, 280 (6th Cir. 1997)).  As for IntellApex's false designation of origin claim, the issue is likewise whether the false designation creates a "likelihood of confusion."  *A2Z Mobile Office Solutions*, 326 F.3d at 694 (quoting *Johnson v. Jones*, 149 F.3d 494, 502 (6th Cir. 1998)).

To determine whether there exists a likelihood of confusion, the Court must examine the following factors: (1) strength of the senior mark, (2) relatedness of the goods or services, (3) similarity of the marks, (4) evidence of actual confusion, (5) marketing channels used, (6) likely degree of purchaser care, (7) the intent of the junior mark holder in selecting its mark, and (8) likelihood of the expansion of the product lines.  *See Gibson Guitar Corp. v. Paul Reed Smith Guitars, LP*, 423 F.3d 539, 548 (6th Cir. 2005) (citations omitted).  These factors are generally referred to as the *Frisch* factors.  *Id.*

None of these factors are dispositive, *see Kellogg Co. v. Toucan Golf, Inc.*, 337 F.3d 616, 623 (6th Cir. 2003), and not all of the factors will be relevant in every case.  *See Therma-Scan, Inc. v. Thermoscan, Inc.*, 295 F.3d 623, 630 (6th Cir. 2002).  When examining these factors the "ultimate question remains whether relevant consumers are likely to believe that the products or services offered by the parties are affiliated in some way."  *Therma-Scan*, 295 F.3d at 630 (quoting *Homeowners Group, Inc. v. Home Mktg. Specialists, Inc.*, 931 F.2d 1100, 1107 (6th Cir. 1991)).

The determination of whether a likelihood of confusion exists is a mixed question of fact and law.  *See Therma-Scan*, 296 F.3d at 630 (citing *Data Concepts, Inc. v. Digital Consulting, Inc.*, 150 F.3d 620, 624 (6th Cir. 1998)).  Any disputes regarding the evidence pertaining to the eight *Frisch* factors present fact questions which must be resolved by the finder of fact.  *See Therma-Scan*, 295 F.3d at 630-31 (citing *Data Concepts*, 150 F.3d at 624).  On the other hand, the determination of "whether a given set of foundational facts establishes a likelihood of confusion is a legal conclusion."  *Therma-Scan*, 295 F.3d at 631 (quoting *Homeowners Group*, 931 F.2d at 1107; *Data Concepts*, 150 F.3d at 624).

In support of its motion for summary judgment, IntellApex has submitted precious little facts. Specifically, IntellApex relies on the affidavit submitted by Zachary Bossenbroek, printouts demonstrating that other marks containing the letters "intel" have been granted trademark protection, and a letter from the United States Patent and Trademark Office stating that the mark INTELLAPEX "appears to be entitled to registration."[1]

IntellApex also relies upon many unsubstantiated assertions. However, such assertions cannot form the basis for granting a motion for summary judgment. More importantly, as Intel correctly observes, summary judgment is inappropriate where the non-moving party has not had a sufficient opportunity to discover facts necessary to oppose the motion for summary judgment. *See* Fed. R. Civ. P. 56(f).

There is no question that Intel has not had a sufficient opportunity to engage in discovery as this case was only recently filed and a scheduling order was entered less than four months ago. Pursuant to this Order, the parties are permitted to engage in discovery until July 20, 2006. While Intel has since engaged in a limited amount of discovery, it appears that IntellApex has objected to much of Intel's discovery requests.

The Court notes, however, that to the extent that IntellApex has responded to Intel's discovery requests certain requests appear to contradict statements made by Bossenbroek in his affidavit. For example, Bossenbroek claims in his affidavit that the only form of marketing that IntellApex has conducted is "via its website. . .which is accessible by the public anywhere in the world." (Bossenbroek Affidavit at ¶ 10). In response to discovery requests, however, Bossenbroek asserted that IntellApex

---

[1] The Court notes that this letter appears to concern only the mark "IntellApex" (using standard alphabet characters) and in no way addresses IntellApex's use of the more stylized mark consisting of the letters "Intell" followed by a mountain-like graphic which is likewise followed by the letters "Pex."

*markets* its services to "cost-conscious individual investors and small companies throughout the United States and abroad." (Response to Interrogatory No. 7). Bossenbroek's statement in his affidavit implies that, with respect to marketing, IntellApex takes a passive approach, consisting solely of a website which people can access (or not) depending on their own actions and desires. On the other hand, his response to discovery requests suggests that IntellApex has undertaken a proactive approach to marketing and is actively soliciting business from potential clients "throughout the United States and abroad." Resolution of such factual issues underscores the necessity to permit the parties to complete the discovery process in this matter before considering whether either party is entitled to judgment as a matter of law.

In sum, there exist disputed issues of fact which preclude the granting of summary judgment. Moreover, summary judgment is not appropriate until the parties have been given sufficient opportunity to engage in relevant discovery.

B. Trademark Dilution Claim

Trademark "dilution" is defined as "the lessening of the capacity of a famous mark to identify and distinguish goods and services." 15 U.S.C. § 1127. Unlike traditional trademark infringement law, the laws regarding dilution are not motivated by an interest in protecting consumers, but are instead intended to protect the value of famous marks. *Moseley v. V Secret Catalogue, Inc.*, 537 U.S. 418, 429 (2003). As the *Moseley* Court observed, "[c]onfusion leads to immediate injury, where dilution is an infection, which if allowed to spread, will inevitably destroy the advertising value of the mark." *Id.* at 427 (quoting H.R. Rep. No. 104-374, p.3 (1995), U.S. Code Cong. & Admin. News 1995, pp. 1029, 1030).

To prevail on a trademark dilution claim, the holder of the senior mark must establish: (1) that its mark is famous and distinctive, (2) the junior mark is being used in commerce, (3) use of the junior mark began subsequent to the senior mark becoming famous, and (4) use of the junior mark has caused dilution of the distinctive quality of the senior mark. *See Toucan Golf*, 337 F.3d at 628 (citation omitted). Unlike the standard regarding infringement claims, however, it is not sufficient for the holder of the senior mark to show a mere likelihood of dilution. Instead, the holder of the senior mark must establish that it has suffered "actual dilution." *Moseley*, 537 U.S. at 433. Actual dilution can be established through either direct or circumstantial evidence. *Id.* at 434.

While IntellApex asserts that Intel has not suffered dilution of its mark, it has not presented evidence in support thereof. More importantly, as noted above summary judgment is inappropriate at this juncture because there exist disputed factual issues and, furthermore, Intel has not had sufficient opportunity to engage in discovery or marshal facts relevant to this particular claim.

Accordingly, for the reasons articulated herein, the Court denies without prejudice IntellApex's motion for summary judgment.

## CONCLUSION

For the reasons articulated herein, the Court concludes that <u>Plaintiff IntellApex PLLC's Motion for Summary Judgment and IntellApex PLLC's and Third Party Defendant Bombay Solutions</u>

<u>Group LLC's Motion to Dismiss Counterclaims of Defendant Intel Corporation</u>, (dkt. #40), must be **denied** as discussed herein.  An Order consistent with this Opinion will enter.


Date:  January 10, 2006                                          /s/ Ellen S. Carmody
                                                                 ELLEN S. CARMODY
                                                                 United States Magistrate Judge